IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PASTOR MONTERO<br>81 Clayton Avenue<br>Hamilton, NJ 08619<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THE BRICKMAN GROUP, LTD.<br>2270 W. Cabot Blvd., Ste. 300<br>Langhorne, PA 19047<br>　　and<br>SCOTT SCHARALDI<br>2270 W. Cabot Blvd., Ste. 300<br>Langhorne, PA 19047<br><br>　　　　　　Defendants. | CIVIL ACTION<br><br>No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1.  This action has been initiated by Pastor Montero (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq.*). Plaintiff asserts herein that he was not paid overtime compensation in accordance with the FLSA and that he was terminated unlawfully for complaining of FLSA violations. As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

### II. JURISDICTION AND VENUE

2.  This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Brickman Group, Ltd. (hereinafter referred to as "Defendant Brickam") is an entity doing business in Pennsylvania and New Jersey and generally engaged in the business of providing commercial landscaping.

8. Defendant Scott Scharaldi (hereinafter referred to as "Defendant Scharaldi") is upon information and belief a regional/branch manager of Defendant Brickman who controls and manages the terms and conditions of employment for employees who work for Defendant Brickman including but not limited to their compensation and continued employment.

9. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a Mexican-born male who was employed by Defendant Brickman for approximately 24 years.

12. During Plaintiff's period of employment with Defendant Brickman, he was given the title of "supervisor" and paid a salary.

13. Plaintiff's weekly and/or bi-weekly compensation was a consistent salary that did not change regardless of how many hours he worked for Defendant Brickman.

14. Plaintiff regularly worked more than 40 hours in a workweek, but because he was referred to as a supervisor, he was directed by his management solely to write down that he worked 8 hours per day since that was all he was entitled to be compensated for as a salaried employee.

15. Plaintiff however, along with his fellow crew members, often worked at least 50-60 hours per week.

16. Plaintiff has and continues to be an extremely hard worker, but he has no certifications, no high school degree, no college matriculation, and the highest grade he completed was third grade.

17. On a daily basis, Plaintiff worked with a small crew of people wherein Plaintiff, all day long, solely performed manual labor of lifting, planting, landscaping, cutting, and other work associated with land maintenance.

18. Plaintiff did not: (1) participate in management meetings; (2) make company business decisions; (3) interview or hire employees; (4) evaluate employees; (5) have the ability

to give any type of discipline to employees; (6) terminate employees; or (7) to make decisions on major expenditures decision that would bind Defendant to any particular contract(s).

19. Despite that Plaintiff consistently worked more than 40 hours in a workweek, as can be evidenced by the hours his fellow crew members worked, Plaintiff was never paid at a rate of time and one half for hours he worked over 40 hours in a workweek.

20. After learning of his possible overtime eligibility, in the weeks preceding his termination from Defendant Brickman, Plaintiff questioned Defendant Scharaldi and expressed concerns that he was not being paid properly and explained that he felt he should be getting overtime compensation for past work.

21. Plaintiff was suddenly and unexpectedly terminated from Defendant Brickman in or about early April of 2011 after complaining about overtime violations.

22. In the 24 years Plaintiff had worked for Defendant Brickman, he did not have a disciplinary history, was an excellent employee, and worked extremely hard.

23. The reason given to Plaintiff for his termination was that he improperly charged in his lunch for reimbursement because his receipt had an alcoholic beverage identified on the receipt he submitted for reimbursement.

24. For the alleged lunch at issue as set forth in paragraph 23 herein, Plaintiff: (1) had already completed his work shift; (2) was permitted to charge in his receipt for lunch because when he was called for unscheduled or longer shifts he was entitled to such reimbursement; (3) had not been told that he was unable to have an alcoholic beverage with a meal after work in the past; and (4) had charged in lunches with alcoholic beverages in the past over the years of his employment.

25. Moreover, with respect to the alcoholic beverage on the receipt, Plaintiff was told it was not a big deal and that Plaintiff would just not be reimbursed by Defendant Brickman for the expense, but Plaintiff was still later terminated for the lunch he had nearly a month before his termination.

26. Defendants made no effort whatsoever to comply with a progressive discipline policy they upon information and belief utilize, as Plaintiff was terminated for a first unwarned offense after over 2 decades of employment.

27. Plaintiff was not properly compensated for overtime, and he was terminated for raising unpaid overtime concerns to Defendants' attention.

## Count I
## Violations of the Fair Labor Standards Act ("FLSA")
### (Wrongful Discharge)
### - Against Both Defendants -

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff was terminated from Defendant Brickman for making complaints of overtime violations.

30. Defendant Scharaldi is personally liable because he perpetrated the retaliatory termination and all times relevant herein, had been involved in Plaintiff's protected activity and terminated Plaintiff because of his protected activity.

31. Plaintiff's discharge from Defendant Brickman for engaging in protected activity under the FLSA constitutes unlawful retaliation under the FLSA. *See e.g. Katsen v. Saint–Gobain Performance Plastics Corp.,* ––U.S. ––––, 131 S.Ct. 1325, 1329, 179 L.Ed.2d 379 (2011); *Lambert v. Ackerley,* 180 F.3d 997, 1003-05 (9th Cir.1999)(*en banc*); *Valerio v. Putnam Assocs. Inc.,* 173 F.3d 35, 44-45 (1st Cir.1999); *EEOC v. Romeo Comty. Sch.,* 976 F.2d 985,

989-90 (6th Cir.1992); *EEOC v. White & Son Enters.*, 881 F.2d 1006, 1011 (11th Cir.1989); *Brock v. Richardson*, 812 F.2d 121, 123-25 (3d Cir.1987); *Love v. RE/MAX of Am., Inc.*, 738 F.2d 383, 387 (10th Cir.1984); *Brennan v. Maxey's Yamaha, Inc.*, 513 F.2d 179, 181 (8th Cir.1975).

### Count II
### Violations of the Fair Labor Standards Act ("FLSA")
(Failure to Pay Overtime Compensation
- Against Both Defendants -

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Defendant did not pay Plaintiff at a rate of time and one half for hours he worked beyond 40 hours per week.

34. These actions as aforesaid constitute violations of the FLSA, and they were willful subjecting Defendants to liquidated damages.

35. Pursuant to the FLSA, Plaintiff is entitled to unpaid overtime compensation going back 3 years from the date of this Complaint.

36. Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid overtime compensation, as well as penalties and interest.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime violations and retaliation;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded liquidated damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G. Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf
3331 Street Road, Ste. 128
Two Greenwood Square
Bensalem, PA 19020
(215) 639-0801

Date: April 27, 2012