**LITTLER MENDELSON**
A Professional Corporation
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
enlewis@littler.com
*Attorneys for Defendants*
  The Brickman Group Ltd. LLC and Scott Scharaldi

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PASTOR MONTERO,<br><br>Plaintiff,<br><br>vs.<br><br>THE BRICKMAN GROUP, LTD.<br>and SCOTT SCHARALDI,<br><br>Defendants. | Civil Action No. 12-CV-02535-MLC-DEA<br><br><br><br>*Electronically Filed* |

### REPLY BRIEF IN SUPPORT OF DEFENDANT SCOTT SCHARALDI'S
### MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1)
### AND FED. R. CIV. P. 12(b)(6)

*Of Counsel and On the Brief:*                    Motion Date:  August 6, 2012
  Eboneé Hamilton Lewis

# TABLE OF CONTENTS

                                                            **Page**

I. PRELIMINARY STATEMENT ................................................................................... 1

II. LEGAL ARGUMENT ..................................................................................................... 1

    A. Standard of Review ................................................................................................ 1

    B. Plaintiff Fails To Plead Facts Sufficient To Show That Scharaldi Is His Employer Pursuant To The FLSA ......................................................................... 2

    C. Plaintiff's Request to Amend Should Be Denied ................................................... 5

III. CONCLUSION ................................................................................................................ 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009) ...........................................................................................1, 2, 5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ....................................................................................................1, 2

*Davis v. Abington Memorial Hosp.,*
    817 F. Supp. 2d 556 (E.D. Pa. Sept. 8, 2011) ................................................................3

*Manning v. Boston Med. Ctr.,*
    No. 09-11463, 2012 U.S. Dist. LEXIS 54692 (D. Mass. Apr. 18, 2012) .......................4

*Packard v. Provident Nat'l Bank,*
    994 F.2d 1039 (3d Cir. 1993) .........................................................................................5

*Thompson v. Real Estate Mortg. Network, Inc.,*
    No. 11-CV-01494 (DMC), 2011 U.S. Dist. LEXIS 149774 (D.N.J. Dec. 30, 2011) .....3

*Wright v. Lehigh Valley Hosp. and Health Network,*
    No. 10-CV-431, 2011 U.S. Dist. LEXIS 68012 (E.D. Pa. June 23, 2011) ............2, 3, 4

**RULES**

FED. R. CIV. P. 12(b)(1) ..........................................................................................................1

FED. R. CIV. P. 12(b)(6) ..........................................................................................................1

FED. R. CIV. P. 15(a)(1)(B) .....................................................................................................5

I. **PRELIMINARY STATEMENT**

Defendant Scott Scharaldi ("Scharaldi") submits this Reply Brief in further support of his motion to dismiss and in response to Plaintiff Pastor Montero's ("Plaintiff") opposition papers. In opposition to Scharaldi's motion to dismiss, Plaintiff argues: (1) Scharaldi's motion should be denied pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) because the Complaint "pleads sufficient factual assertions that raise a plausible inference that Defendant Scharaldi was an employer under the FLSA"; and (2) "th[e] Court is required to allow Plaintiff to amend his Complaint." (Pl. Brief, p. 6 and 10). Even taken in the light most favorable to Plaintiff, nothing presented through the Complaint or Plaintiff's Opposition provides evidence sufficient to establish a basis for subject matter jurisdiction, or alternatively, a plausible claim for relief. The Court must grant Scharaldi's motion to dismiss, because as set forth in his initial brief and below, Plaintiff's allegations are insufficient to connect Scharaldi to Plaintiff's employment.

II. **LEGAL ARGUMENT**

A. **Standard of Review**

As an initial matter, the parties do not dispute the proper standard of review under which a court should consider dismissal of a plaintiff's claims. Both Plaintiff and Defendant agree that *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), dictate the parameters under which a court should determine if Plaintiff has failed to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6). (Pl. Brief, p. 4).

Unfortunately, while Plaintiff accepts the *Iqbal/Twombly* standard, he does not understand the application of the standard, and instead attempts to minimize the heightened pleading standard, and in fact, requests the Court to do exactly that which *Iqbal* and *Twombly* instruct courts not to do when deciding motions to dismiss. By way of illustration, Plaintiff's Opposition

is focused on convincing the Court to accept his legal conclusions as true and overlook the absence of any factual allegations that support his boilerplate recitation of the elements required to establish an employee-employer relationship under the FLSA. As Plaintiff is presumably aware, *Iqbal* clearly states that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation' of the elements of a cause of action will not do" and courts do not have to accept as true allegations in a complaint that merely amount to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Further, a complaint is also insufficient if it tenders "'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Here, Plaintiff's Complaint amounts to nothing more than legal conclusions and a formulaic recitation of the elements of employer as defined under the FLSA. Plaintiff's Opposition does nothing more than confirm the same.

    **B.    Plaintiff Fails To Plead Facts Sufficient To Show That Scharaldi Is His Employer Pursuant To The FLSA.**

The case law cited by Plaintiff is largely inapposite as while it addresses the "employer" definition under the Fair Labor Standards Act ("FLSA"), the cases apply different standards for determining whether the plaintiff has demonstrated that the individual (or entity) at issue is in fact an "employer." Plaintiff has not cited a single decision in which the Court decides a motion to dismiss on the basis of whether an employment relationship existed. Rather, the "closest" which Plaintiff comes is his citation to *Wright v. Lehigh Valley Hosp. and Health Network*, No. 10-431, 2011 U.S. Dist. LEXIS 68012 (E.D. Pa. June 23, 2011), in which the Court denied the Plaintiff's Motion for Leave to file a Second Amended Complaint finding that the proposed amendment adding individual defendants would be futile because the second proposed amended complaint made no allegation "regarding their personal participation in the action that led her to file suit." *Id.* at *5.

Plaintiff concedes that "analyzing whether an individually named Defendant is an employer 'is a fact-intensive inquiry[.]'" Yet, Plaintiff fails to set forth sufficient facts that allow the Court to conclude that Defendant Scharaldi must have controlled Plaintiff's employment. It is axiomatic that a complaint must allege the existence of an employment relationship between the plaintiff and the defendant in order to state a claim for relief under the FLSA. Indeed, the courts have uniformly held that liability under the FLSA is based upon the existence of an employer-employee relationship. *See, e.g., Thompson v. Real Estate Mortg. Network, Inc.*, Civil Action No. 11-CV-01494 (DMC), 2011 U.S. Dist. LEXIS 149774, at *8 (D.N.J. Dec. 30, 2011) ("The basic prerequisite for any FLSA lawsuit is an employment relationship between the plaintiffs and defendant." (*quoting Davis v. Abington Memorial Hosp.*, 817 F. Supp. 2d 556 (E.D. Pa. Sept. 8, 2011)).

Instead, in conclusory fashion, Plaintiff alleges that "Scharaldi is *upon information and belief* a regional/branch manager of Defendant Brickman who controls and manages the terms and conditions of employment for employees who work for Defendant Brickman including but not limited to their compensation and continued employment." (Complaint ¶8; Pl. Brief, p. 7, 9) (emphasis added). This is not a plausible factual allegation. *Wright*, 2011 U.S. Dist. LEXIS 68012, at *9 (explaining that though "upon information and belief" pleading at times may be appropriate, "where 'these averments are merely a formulaic recitation of the electors of a cause of action...[r]eliance by [Plaintiff] on information and belief cannot transform legal conclusions into plausible factual allegation." (citations omitted)). Rather, it is a "legal conclusion[ ] utterly devoid of any factual basis asserted to support the beliefs pled." *Id.* at *10. Even if the Court is to accept Plaintiff's factual averment as true, this baseless and unsupported allegation only establishes that Scharaldi may have been Plaintiff's supervisor. Standing alone, the allegation is completely insufficient for the purposes of showing that Scharaldi is an employer, which he is

3

not and never has been. *See Manning v. Boston Med. Ctr.*, No. 09-11463, 2012 U.S. Dist. LEXIS 54692, at *7 (D. Mass. Apr. 18, 2012) ("For personal liability under the FLSA, plaintiffs must establish that corporate officers with a significant ownership interest had operational control of significant aspects of the corporation's day-to-day functions, including compensation of employees...The individuals sought to be held liable cannot be just any employee with some supervisory control over other employees and must be instrumental in causing the corporation to violate the FLSA." (internal quotations and citations omitted)). Indeed, Plaintiff makes no allegation that Scharaldi is a corporate officer, let alone that he had operational control of significant aspects of the corporation's day-to-day functions. Because Plaintiff has presented no factual allegations for personal liability to attach to Scharaldi as an "employer," the Court should grant the motion *sub judice*.

Even coupled with Plaintiff's allegation that he was employed by Brickman, there are no factual allegations to sufficiently connect Scharaldi to Plaintiff's employment as Plaintiff asserts. (Complaint ¶11; Pl. Brief, p. 9). Simply because Plaintiff was employed by Brickman and Scharaldi allegedly "controls and manages the terms and conditions of employment" for *unknown and unnamed* employees, does not warrant the inference that Scharaldi managed the terms and conditions of *Plaintiff's* employment.

To the extent that Plaintiff relies upon the factors set forth in *Wright*, Plaintiff has not "sufficiently satisfied prongs one and two" as claimed in his opposition (nor has Plaintiff satisfied the third prong). (Pl. Brief, p. 8). Plaintiff does not once allege that Scharaldi has an ownership interest in Brickman. Nor can he establish that Scharaldi exercised operational control of Brickman or played a role in its "determination to compensate (or not compensate) employees in accordance with the FLSA." (Pl. Brief, p. 7). Also, the alleged "high degree of

4

control" is simply unsupported by Plaintiff's allegations. (Pl. Brief, p. 8). Second, Plaintiff alleges that he was "directed by his management solely to write down that he worked 8 hours per day." (Complaint ¶14). This general allegation does not connect Scharaldi to Plaintiff's employment as nowhere in the Complaint does Plaintiff identify Scharaldi as a part of "his management."

Likewise, Plaintiff has provided insufficient factual detail to support the conclusory allegation that Scharaldi "perpetrated the retaliatory termination and all times relevant herein, had been involved in Plaintiff['s] protected activity and terminated Plaintiff because of his protected activity." (Complaint ¶30). Despite Plaintiff's claim that he has shown Scharaldi had "significant involvement" in his protected activity, the only factual allegations which could plausibly support this conclusory allegation as that "Plaintiff questioned Defendant Scharaldi and expressed concerns" regarding his compensation. (Complaint ¶20; Pl. Brief, p. 8). Without question, Plaintiff has failed to carry his burden of "showing that the case is properly before the court." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). Alternatively, Plaintiff has failed to set forth a plausible claim for relief, and accordingly, the Complaint must be dismissed as to Scharaldi. *See Iqbal*, 129 S.Ct. at 1949.

### C. Plaintiff's Request to Amend Should Be Denied

In a last-ditch effort to prevent the dismissal of his FLSA claims against Scharaldi, Plaintiff argues that the Court must give him the opportunity to file an Amended Complaint to cure his pleading deficiencies. (Pl. Brief, p. 10). Pursuant to Rule 15(a)(1)(B), Plaintiff had twenty-one (21) days, or until July 20, 2012, to file an amended pleading as of right. Here, Plaintiff unduly delayed in seeking to amend his Complaint. On June 29, 2012, Plaintiff learned of Defendant Scharaldi's attack on his factual allegations, and had ample opportunity to file an amended complaint. At no time prior to, contemporaneous with or following the filing of his

5

Opposition on July 11, 2012, did Plaintiff amend his Complaint. Nor did Plaintiff seek Defendants' consent to an amended pleading or leave from the Court. In short, with diligence Plaintiff could have made the amendment deadline. But, Plaintiff made the strategic choice not to do so even when he knew that Defendant sought to dismiss his complaint as to Scharaldi. The simple truth is that Plaintiff did not, and cannot, allege any facts in support of establishing an employer-employee relationship between him and Scharaldi.

### III.   CONCLUSION

Based on the foregoing reasons, and those set forth in the moving brief, we respectfully request that the Court grant this motion for dismissal of Plaintiff's Complaint with prejudice as to Defendant Scharaldi.

Respectfully submitted,

**LITTLER MENDELSON, P.C.**
Attorneys for Defendants


By: /s/ Eboneé Hamilton Lewis
      Eboneé Hamilton Lewis

Dated: July 30, 2012

Firmwide:113363862.2 057968.1014