**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PASTOR MONTERO, | CIVIL ACTION NO. 12-2535 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| THE BRICKMAN GROUP, LTD., et al., | |
| Defendants. | |

**THE PLAINTIFF**, Pastor Montero, commenced this action against the Defendants, Scott Scharaldi and The Brickman Group, Ltd. ("Brickman"). (See generally dkt. entry no. 1, Compl.)  Montero brings claims against both Scharaldi and Brickman for wrongful termination and overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

**SCHARALDI** now moves to dismiss the Complaint insofar as it is asserted against him pursuant to, inter alia, Federal Rule of Civil Procedure ("Rule") 12(b)(6). (See dkt. entry no. 9, Mot.; dkt. entry no. 9-1, Br.)  Scharaldi argues in favor of dismissal on the basis that the Complaint fails to establish that he is an "employer" under the FLSA. (Br. at 3-6.)  Montero opposes the Motion. (See dkt. entry no. 10, Opp'n Br.)

**THE COURT** will resolve the Motion on the papers and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons that follow, the Motion will be granted.

**COURTS**, when resolving motions to dismiss pursuant to Rule 12(b)(6), must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  The court's analysis involves two parts.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).  First, courts must separate factual allegations from legal conclusions.  Fowler, 578 F.3d at 210 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (200&)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Twombly, 550 U.S. at 555.  "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  Serra v. Berkshire Life Ins. Co. of Am., No. 07-1798, 2007 WL 2066384, at *2 (D.N.J. July 13, 2007) (citation omitted).  A complaint must "show" an entitlement to relief through the facts recited therein.  Fowler, 578 F.3d at 211.  Facts, unlike bald assertions, subjective characterizations, and legal conclusions, must be accepted as alleged.  Serra, 2007 WL 2066384, at *2.

**THE COURT** must then determine whether the factual allegations contained in the complaint are sufficient to show that the

2

plaintiff has a "plausible claim for relief." Fowler, 578 F.3d at 211 (citing Iqbal, 556 U.S. at 679). Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. See id. "Liberal construction", "has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists on which relief could be accorded the pleader." Serra, 2007 WL 2066384, at *2 (citation omitted). Furthermore, allegations offered on the basis of "information and belief" will not suffice if they merely and formulaically recite the elements of a cause of action. Wright, 2011 WL 2550361, at *3.

    **A PLAINTIFF** raising FLSA claims must establish that the defendant and the plaintiff shared an employer-employee relationship, as those terms are defined by the FLSA. See, e.g., Thompson v. Real Estate Mortg. Network, Inc., No. 11-1494, 2011 WL 6935312, at *3 (D.N.J. Dec. 30, 2011) ("Critically, in pleading a cause of action under the FLSA, plaintiffs must establish an employer-employee relationship with the named defendants."). The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an

employee". 29 U.S.C. § 203(d). Employees are "any individual(s) employed by an employer." 29 U.S.C. § 203(e)(1).

**THE "OVERARCHING CONCERN"** when determining whether an individual defendant is an "employer" under the FLSA "is whether the alleged employer possessed the power to control the works in question . . . with an eye to the 'economic reality' presented by the facts of each case." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999); see also Wright v. Lehigh Valley Hosp. & Health Network, Inc., No. 10-431, 2011 WL 2550361, at *2 (E.D. Pa. June 23, 2011) (noting that Courts "must focus upon the totality of the circumstances, underscoring the economic realities of the [employees'] employment."). The crux of the economic reality test is "operational control"; an individual defendant who exercised "operational control" over a corporate defendant may be held jointly and severally liable for violations of the FLSA. See Montalvo v. Larchmont Farms, Inc., No. 06-2704, 2009 WL 4573279m at *4 (D.N.J. Dec. 3, 2009); Dole v. Haulaway Inc., 723 F.Supp. 274, 286-87 (D.N.J. 1989). The economic reality test focuses on "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Herman, 172 F.3d at 139 (citation omitted). It also considers whether the

4

individual defendant has undertaken "managerial responsibilities" relating to the corporation or exerted "substantial control" over its operation.  See Falk v. Brennan, 414 U.S. 190, 195 (1973).

**THE COURT** has scrutinized the Complaint.  There, Montero alleges that he was employed by Brickman for approximately twenty-four years and he describes the title and responsibilities assigned to him by Brickman.  (See Compl. at ¶¶ 11-15, 17-18.)  Montero also alleges that "management", despite knowing that he worked more than forty hours per week, directed him to document that he worked only eight hours per day.  (Id. at ¶ 16.)

**MONTERO** mentions Scharaldi by name only in very limited contexts.  Montero describes Scharaldi as, "upon information and belief[,] a regional/branch manager of Defendant Brickman who controls and manages the terms and conditions of employment for employees who work for Defendant Brickman including but not limited to their compensation and continued employment."  (Id. at ¶ 8 (emphasis added).)  Montero further alleges that he "questioned Scharaldi and expressed concerns that he was not being paid properly and explained that he felt he should be getting overtime compensation for past work."  (Id. at ¶ 20.)  He then alleges, without reference to Scharaldi, that he "was suddenly and unexpectedly terminated from Defendant Brickman . . . after complaining about overtime violations."  (Id. at ¶ 21.)  Montero

5

later argues in the Complaint that "Scharaldi is personally liable because he perpetrated the retaliatory termination and [at] all times relevant herein, had been involved in Plaintiff's protected activity and terminated Plaintiff because of his protected activity." (Id. at ¶ 30.)

**THE COURT,** upon consideration of the Complaint, now concludes that Montero has failed to set forth sufficient factual allegations to support the claims raised against Scharaldi. Montero alleges that Scharaldi terminated his employment at Brickman shortly after Montero complained of Brickman's alleged FLSA violations. (See Compl. at ¶¶ 20, 30.) But the Complaint otherwise fails to provide the Court with a basis for determining with Scharaldi had operational control of Brickman, such that he may be held individually liable for any FLSA violations. The only other allegation that names Scharaldi is pleaded on the basis of "information and belief", and, without reference to specific facts, mirrors the factors of the economic realities test. (See Compl. at ¶ 8.) Such allegations are insufficient. See Serra, 2007 WL 2066384, at *2; Wright, 2011 WL 2550361, at *3.

**THE COURT** will thus, for good cause appearing, enter an Order granting the Motion and dismissing the Complaint, insofar as it is asserted against Scharaldi, without prejudice.  Montero may move for leave before the Magistrate Judge to file an Amended Complaint that more fully sets forth the factual basis of Scharaldi's alleged individual liability.

                                             s/ Mary L. Cooper  
                                             **MARY L. COOPER**  
                                             United States District Judge

Date:     August 24, 2012